UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AARON M. WOODRUM,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>SANTANDER CONSUMER USA INC., PAR, INC., SLINGERS TRANSPORT LLC, WILLIAM T. MATTINGLY and DESIREE J. MATTINGLY,<br><br>　　　　　　Defendants. | CASE NO.: 1:17-cv-00001<br><br><br>JURY DEMAND |

## COMPLAINT

### I.　　INTRODUCTION

1. This is an action for statutory and actual damages, treble damages, prejudgment interest, costs of the action and a reasonable attorney's fee brought by Aaron M. Woodrum for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., Replevin, violation of the Indiana Crime Victims Relief Act and under the Uniform Commercial Code.

2. It has long been Indiana law that a self-help repossession – a rare delegation of the state's exclusive prerogative to resolve disputes – may only be accomplished if it can be accomplished without a breach of the peace. *See Census Fed. Credit Union v. Wann*, 403 N.E.2d 348, 350 (Ind. Ct. App. 1980). A potential repossesor must immediately desist upon meeting any resistance – verbal or otherwise. *Id.* at 352. Defendants' failure to abide by this basic and long-standing requirement has given rise to this lawsuit.

### II.　　JURISDICTION

3. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337 and 1367.

### III.　　PLAINTIFF

4. Plaintiff Aaron M. Woodrum is a natural person residing in Hendricks County, Indiana.

## IV. DEFENDANTS

5. Defendant Santander Consumer USA Inc. ("Santander") is a for-profit foreign corporation with its principal place of business in Dallas, Texas.

6. Defendant PAR, Inc. ("PAR") is a for-profit domestic corporation with its principal place of business in Indianapolis, Indiana.

7. PAR uses instrumentalities of interstate commerce and the mails in their business the principal purpose of which is the enforcement of security interests; at all times referenced herein, PAR was operating as a debt collector as defined by 15 U.S.C. § 1692a(6).

8. Defendant Slingers Transport LLC ("Slingers") is a for-profit domestic limited liability company with its principal place of business in Monrovia, Indiana.

9. Slingers uses instrumentalities of interstate commerce and the mails in their business the principal purpose of which is the enforcement of security interests; at all times referenced herein, Slingers was operating as a debt collector as defined by 15 U.S.C. § 1692a(6).

10. Defendant William T. Mattingly ("William") is a natural person residing in Morgan County, Indiana.

11. Defendant Desiree J. Mattingly ("Desiree") is a natural person residing in Morgan County, Indiana.

## V. STATEMENT OF FACTS

12. Plaintiff purchased a used 2009 Dodge Ram 1500 pick-up truck, VIN # 1D3HV18T09S732680 ("Truck"), on March 2, 2015 from Fletcher Chrysler Dodge Jeep Ram for $20,658.69.

13. A copy of the Retail Installment Contract and Security Agreement is attached hereto as Exhibit A.

14. The Retail Installment Contract and Security Agreement was subsequently assigned to Santander.

15. The Truck was purchased and used primarily for personal, family or household purposes.

16. Plaintiff missed payments on the Truck and became in default under the terms of the Retail Installment Contract and Security Agreement.

17. Santander contracted with PAR to repossess the Truck.

18. PAR contracted with Slingers to repossess the Truck.

19. On December 19, 2016, William and Desiree, on behalf of Slingers, went to Plaintiff's residence located at 9271 Amberleigh Drive, Plainfield, IN 46168.

20. William and Desiree drove into Plaintiff's driveway in a 2007 Dodge Charger and blocked the Truck in so that a tow vehicle could be called to the scene to remove the Truck.

21. Plaintiff spoke with William and advised him that he could not take the truck.

22. Plaintiff also asked William several times to leave Plaintiff's property; however, he refused.

23. Plaintiff's girlfriend, Brandie Massey, who lives at the residence, also asked William to leave the property; he refused.

24. Ms. Massey got in the Truck to drive away; William and Desiree had the truck blocked in with the Charger and would not move so Ms. Massey began maneuvering the Truck forwards and backwards in an attempt to extract the Truck from its parking space and drive off through the yard.

25. William, who was driving the Charger, actively drove the Charger in a way so as to keep the Truck trapped.

26. A minor collision occurred between the Truck and the Charger.

27. Ms. Massey was eventually able to extricate the Truck from the parking space and drove off through the yard.

28. William and Desiree told Plaintiff that Ms. Massey had struck the Charger and driven off.

29. William and Desiree called the police and alleged that there had been a hit and run.

30. Plaintiff immediately called Ms. Massey and advised her that William and Desiree said there had been a collision.

31. Ms. Massey, who was not aware there had been any contact between the Truck and the Charger, pulled over in and parked in a nearby parking lot.

32. William and Desiree, with the assistance of the police, subsequently obtained possession of the Truck from Ms. Massey.

33. The repossession performed by William and Desiree was in breach of the peace.

34. The repossession performed by William and Desiree was illegal.

35. Defendants have possession of the Truck and have not returned it to Plaintiff.

36. Defendants have no present possessory right to the Truck because it was taken illegally.

## VI.    CLAIMS FOR RELIEF

### A. Fair Debt Collection Practices Act – PAR, Slingers, William, Desiree

37. Plaintiff repeats, re-alleges and incorporates by reference paragraphs one through thirty-six above.

38. Defendants PAR, Inc., Slingers Tranport LLC, William Mattingly and Desiree Mattingly violated the Fair Debt Collection Practices Act. These violations include, but are not limited to:

    a. Taking non-judicial action (i.e., self-help repossession) to effect dispossession of property when there was no present right to possession of the property claimed as collateral through an enforceable security interest, in violation of 15 U.S.C. § 1692f(6)(A).

39. As a result of the violation of the Fair Debt Collection Practices Act, Defendants are liable to Plaintiff for his actual damages, statutory damages, costs, attorney fees and all other appropriate relief.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants PAR, Inc., Slingers Tranport LLC, William Mattingly and Desiree Mattingly in an amount that will compensate him for his actual damages, statutory damages, costs, attorney fees and all other appropriate relief.

### B. Replevin – All Defendants

40. Plaintiff repeats, re-alleges and incorporates by reference paragraphs one through thirty-six above.

41. Plaintiff is the owner of the Truck.

42. Defendants wrongfully took possession of the Truck.

43. Defendants unlawfully maintain possession of the Truck.

44. Plaintiff is entitled to the return of the Truck.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants for delivery of the Truck to Plaintiff or the value of the Truck if delivery is not possible, damages for the detention of the Truck, prejudgment interest and all other appropriate relief.

### C. Indiana Crime Victims Relief Act – All Defendants

45. Plaintiff repeats, re-alleges and incorporates by reference paragraphs one through thirty-six above.

46. William and Desiree knowingly and intentionally refused to leave Plaintiff's property after having been asked to leave by Plaintiff and Brandie Massey and thereby committed criminal trespass pursuant to Indiana Code § 35-43-2-2.

47. Defendants Santander, PAR and Slingers are liable for the criminal trespass by William and Desiree.

48. Defendants knowingly and intentionally have exerted (and continue to exert) unauthorized control of the Truck and thereby committed criminal conversion pursuant to Indiana Code § 35-43-4-3.

49. Plaintiff suffered a pecuniary loss as a result of the violation of Indiana Code §§ 35-43-2-2 and 35-43-4-3.

50. Plaintiff is entitled to all damages as provided by Indiana Code § 34-24-3-1.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants for all damages as provided by Indiana Code § 34-24-3-1, prejudgment interest and all other appropriate relief.

### D. Uniform Commercial Code - Santander

51. Plaintiff repeats, re-alleges and incorporates by reference paragraphs one through thirty-six above.

52. Pursuant to Indiana Code § 26-1-9.1-609, a secured party such as Sandtander may take possession of collateral without judicial process, if it proceeds without breach of the peace.

53. Pursuant to Indiana Code § 26-1-9.1-610, every aspect of the disposition of collateral, including the method, manner, time, place and other terms must be commercially reasonable.

54. The repossession of the Truck involved a breach of the peace and was not commercially reasonable within the meaning of the U.C.C.

55. As a direct and proximate result of the above-described acts of William and Desiree in repossessing the Truck, Santander is liable for all damages sustained by Plaintiff.

56. Pursuant to Indiana Code § 26-1-9.1-625(c)(2), Plaintiff also has the right to recover an amount not less than the credit service charge plus ten percent of the principal amount of the debt or the time-price differential plus 10 percent of the cash price.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Santander for his actual damages, the credit service charge plus ten percent of the principal amount of the debt, prejudgment interest and all other appropriate relief.

## VII.   CONCLUSION

Plaintiff respectfully requests judgment in his favor and against Defendants for his statutory and actual damages, treble damages, prejudgment interest, costs of the action and a reasonable attorney's fee.

Respectfully submitted,

s/ *Robert E. Duff*
Robert E. Duff, Atty No. 16392-06
Indiana Consumer Law Group/
The Law Office of Robert E. Duff
P.O. Box 7251
Fishers, IN 46037
800-817-0461
robert@robertdufflaw.com

## JURY TRIAL REQUEST

Plaintiff requests a trial by jury.

s/ *Robert E. Duff*
Robert E. Duff, Atty No. 16392-06
Indiana Consumer Law Group/
The Law Office of Robert E. Duff
P.O. Box 7251
Fishers, IN 46037
800-817-0461
robert@robertdufflaw.com