UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AARON M. WOODRUM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:17-CV-00001-TWP-MPB |
| | ) |
| SANTANDER CONSUMERS USA INC., | ) |
| PAR, INC., SLINGERS TRANSPORT | ) |
| LLC, WILLIAM T. MATTINGLY and | ) |
| DESIREE J. MATTINGLY, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6)**

Defendants, Santander Consumers USA, Inc. ("Santander), PAR, Inc. ("PAR"), Slingers Transport, LLC ("Slingers), William T. Mattingly ("William"), and Desiree J. Mattingly ("Desiree"), (collectively hereinafter "Defendants"), by counsel, hereby submit their Brief in Support of Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) or, in the alternative, Federal Rule of Civil Procedure 12(b)(6).

## I. INTRODUCTION

On January 2, 2017, Plaintiff Aaron Woodrum ("Plaintiff") filed his Complaint against Defendants. Defendants Santander's and Defendant PAR's answers are due on February 24, 2017. Defendants Slingers', William's, and Desiree's answers are due on March 1, 2017. This matter arises out of Defendants' alleged attempt to repossess a 2009 Dodge Ram truck purchased by Plaintiff after Plaintiff defaulted on his payment obligations.

## II. FACTS

On March 2, 2015, Plaintiff purchased a 2009 Dodge Ram pick-up truck ("the Truck") by entering into a Retail Installment Contract and Security Agreement ("Agreement"). PLAINTIFF'S COMPLAINT. Santander is a creditor who had rights to the Agreement. *Id.* Subsequently, Plaintiff became in default under the terms of the Agreement. *Id.* Santander contracted with PAR to repossess the Truck. PAR then contracted with Slingers to repossess the Truck. *Id.* William and Desiree, in the course and scope of their employment with Slingers, attempted to repossess the Truck from Plaintiff's driveway on December 19, 2016. *Id.* While attempting to take possession of the Truck, Plaintiff's girlfriend, Brandie Massey, drove away in the truck before Slingers could take possession. *Id.* In attempting to take the Truck and flee, Massey collided with the vehicle operated by William and Desiree. PLAINTIFF'S COMPLAINT. Plaintiff alleges that both he and Massey asked William and Desiree to leave Plaintiff's property. *Id.*

### III. STANDARD

A motion to dismiss for lack of subject matter jurisdiction is controlled by Federal Rule of Civil Procedure 12. Specifically, if a Court finds that it lacks subject matter jurisdiction it "must dismiss the action." FED. R. CIV. P. 12(h)(3). Because subject matter jurisdiction "involves a court's power to hear a case, [subject matter jurisdiction]can never be forfeited or waived." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 1244, 163 L. Ed. 2d 1097 (2006). Federal courts "have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." *Id.* The federal courts are granted subject matter jurisdiction by two statutes: 28 U.S.C. §§ 1331 and 1332. *Id.* Section 1331 provides for federal question jurisdiction and Section 1332 gives federal courts the power to hear diversity of citizenship cases. *Id.* If a

court finds that it lacks subject matter jurisdiction, it "must dismiss the action." FED. R. CIV. P. 12(h)(3).

Likewise, dismissal of a complaint for failure to state a claim for which relief can be granted is governed by Federal Rule of Civil Procedure 12. Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a claim "if the plaintiff's complaint fails to state a claim upon which relief can be granted." *Hughes v. Chattem, Inc.*, 818 F. Supp. 2d 1112, 1116 (S.D. Ind. 2011); *See also* FED.R.CIV.P. 12(b)(6). When considering a motion to dismiss pursuant to Federal Rule 12(b)(6), the moving party bears a greater burden. *Id.* "Courts follow the fairly liberal 'notice pleading' standard in considering complaints under Rule 12(b)(6), which requires 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.*; *see also* FED.R.CIV.P. 8(a)(2). Therefore, dismissing a complaint under Federal Rule 12(b)(6) "is only proper when a complaint fails to allege 'enough facts to state a claim to relief that is plausible on its face.'" *Id.*

## IV.  FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) ARGUMENT

On the face of the Plaintiff's Complaint, Plaintiff alleges that this Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337, and 1367. However, this Court lacks subject matter jurisdiction under the above-referenced statutory provisions relied on by Plaintiff.

### A.  Jurisdiction Under 15 U.S.C. § 1692k(d)

Plaintiff first relies on 15 U.S.C. § 1692k(d) for Plaintiff's proposition that this Court has subject matter jurisdiction over this case. Section 1692k(d) states "An action to enforce any liability created by [the Fair Debt Collection Practices Act] may be brought in any appropriate United States district court without regard to the amount in controversy, or in

any other court of competent jurisdiction, within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d).  In his Complaint, Plaintiff alleges that Defendants PAR, Slingers, William, and Desiree violated 15 U.S.C. § 1692f(6)(A) of the Fair Debt Collection Practices Act.  Because § 1692f(6)(A) is contained in the subchapter in which § 1692k(d) grants federal courts subject matter jurisdiction, the federal courts would appear to have subject matter jurisdiction over this case.

The facts of this case, as specifically plead in Plaintiff's Complaint, clearly indicate that Plaintiff's injuries and damages allegedly arise out of Defendants' alleged violations of § 1692(f) of the Fair Debt Collection Practices Act.  Section 1692(f) prohibits a debt collector from engaging in unfair practices to collect or attempt to collect a debt.  Section 1692(f) also provides for a list of types of conduct that Congress deems a violation of §1692(f).  However, § 1692f of the Fair Debt Collection Practices Act has been repealed. *See* 15 U.S.C. 1692(e); 15 U.S.C. 1692(f); *see also Townsend v. Quantum3 Grp., LLC,* 535 B.R. 415, 431 (M.D. Fla. 2015)(recognizing repeal by implication).  Because of the repeal of § 1692(f) upon which Plaintiff's civil suit against Defendants pursuant to §1692(k)(d) is based, this Court lacks subject matter jurisdiction over this case pursuant under § 1692(k)(d).  Without a valid statute upon which Plaintiff's factual allegations can stand, the Court cannot obtain jurisdiction over any of Plaintiff's claims for relief.  Therefore, this Court must dismiss Plaintiff's cause of action pursuant to Federal Rule of Civil Procedure 12(b)(1).

### B.  Jurisdiction Under 28 U.S.C. § 1331

Plaintiff next relies on 28 U.S.C. 1331 for this Court's jurisdiction over this matter. 28 U.S.C. § 1331 grants United States district courts with federal question jurisdiction and

states "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  In this case, Plaintiff has asserted four (4) substantive causes of action against Defendants.  The first substantive cause asserts that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et. seq*. *Id.* Plaintiff's second substantive claim is for replevin. *Id.* Plaintiff also asserts a substantive cause against Defendants arising under the Indiana Crime Victims Relief Act, Ind. Code § 34-24-3-1. *Id.* Finally, Plaintiff alleges that Defendants are liable under the Uniform Commercial Code ("UCC"). *Id.*

As alleged in Plaintiff's Complaint, only one of Plaintiff's substantive claims asserts a federal question.  Plaintiff's Fair Debt Collection Practices Act claim is the only claim that arises under the "Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. However, as noted in subsection IV(A), the United States Code provision upon which Plaintiff relies for federal question jurisdiction has been repealed and cannot serve as a basis for Plaintiff's recovery against Defendants.  Because 15 U.S.C. § 1692(f) has been repealed, there is no federal question at issue in this case as all of the remaining claims arise under Indiana state law.  Therefore, this Court must dismiss this matter because it lacks subject matter jurisdiction over Plaintiff's cause of action.

### C. Federal Court Jurisdiction Under 28 U.S.C. § 1337

Plaintiff next claims that this Court has jurisdiction under 28 U.S.C. § 1337. Defendants are unclear how § 1337 applies in this case.  Defendants presume that Plaintiff is claiming that federal court jurisdiction is appropriate under the provision of § 1337 which states "The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce

against restraints and monopolies." 28 U.S.C. § 1337.  Defendants respectfully assert that there is no Act of Congress that regulates the commerce allegedly at issue in this case.  The only cause of action which involves the regulation of commerce asserted by Plaintiff is Plaintiff's UCC claim against Santander.  However, on the face of Plaintiff's Complaint, Plaintiff's UCC claim arises under Indiana Code § 26-1-9.1-609, not any "Act of Congress."  As such, this Court lacks subject matter jurisdiction over this case.

Presumably, Plaintiff may be attempting to claim that the Fair Debt Collection Practices Act would fall under the broad banner of an "Act of Congress regulating commerce." 28 U.S.C. § 1337.  Defendants respectfully submit that the Fair Debt Collection Practices Act has nothing to do with commerce.  In fact, the purpose of the Fair Debt Collection Practices Act is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).  As such, there is no provision of the Fair Debt Collection Practices Act which regulates commerce.

However, even if a colorable argument could be made that the Fair Debt Practices Act does somehow regulate commerce, since §1692(f), the provision relied on by Plaintiff for his claim against Defendants, has been repealed, there is no "Act of Congress" regulating commerce.  By repealing § 1692(f), Congress has taken away any regulation of commerce that it may have enacted relative to the matters alleged in Plaintiff's Complaint.  Therefore, even if the Fair Debt Collection Practices Act could be construed to regulate commerce, the fact that the sections that set forth the acts for which Plaintiff can seek relief are no longer

6

valid removes any purported regulation of commerce, and this Court lacks subject matter jurisdiction over this case under 28 U.S.C. § 1337.

### D. Federal Court Jurisdiction Under 28 U.S.C. § 1367

Finally, Plaintiff claims that this Court has jurisdiction under 28 U.S.C. § 1367. Section 1367 grants the federal district courts supplemental jurisdiction over state court claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367.  Defendants acknowledge that if Plaintiff had asserted a valid federal court claim under the Fair Debt Collection Practices Act, then this Court would have supplemental jurisdiction over Plaintiff's replevin, Indiana Crime Victims Act, and UCC claims.  However, because of the repeal of the relevant portions of the Fair Debt Collection Practices Act upon which Plaintiff has relied, this Court has no valid grounds for asserting supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  Therefore, this Court must dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(1).

### V.  FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) ARGUMENT

Alternatively, this Court should dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiff's Complaint fails to state a claim for which relief can be granted.  As set forth above, the well-pled facts set forth in Plaintiff's Complaint clearly show that Plaintiff's Fair Debt Collection Practices Act claim allegedly arises under 15 U.S.C. § 1692(f) which prohibits unfair debt collection practices.  However, 15 U.S.C. § 1692(f) has been repealed and is no longer valid.  Because the statute upon which Plaintiff's claim is based is no longer valid, Plaintiff's Fair Debt Practices claim

against Defendants clearly fails to state a claim for which relief can be granted. As such, this Court must dismiss Plaintiff's Fair Debt Collections Practice Act claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

Additionally, the Court should dismiss the remainder of Plaintiff's Complaint because this Court would lack subject matter jurisdiction over Plaintiff's remaining state law claims as set forth above. Furthermore, this Court would lack supplemental jurisdiction over Plaintiff's state law causes of action. Pursuant to 28 U.S.C. § 1367, this Court may dismiss the claims over which it has supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). It is well stated that the "general rule is that, when all federal-law claims are dismissed before trial, the pendent claims should be left to the state courts." *Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1252 (7th Cir. 1994). Therefore, because this Court is required to dismiss Plaintiff's federal law claims, this Court should also dismiss Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

## VI.  CONCLUSION

Based on all the foregoing, this Court should dismiss Plaintiff's Complaint without prejudice. As set forth above, this Court lacks subject matter jurisdiction over Plaintiff's claims because Plaintiff's alleged federal law claims are based on a federal statute that is no longer valid. Without a valid federal law claim to grant this Court jurisdiction, this Court lacks subject matter, original, and/or supplemental jurisdiction over Plaintiff's remaining state law claims. Therefore, this court must dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1).

Alternatively, the Court should dismiss Plaintiff's cause of action pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiff's Complaint fails to state a claim for which relief can be granted. It is clear that the specifically alleged facts contained in Plaintiff's Complaint establish that Plaintiff's federal law cause of action relies entirely on a claim for relief based on a statute that has been repealed. A repealed statute cannot serve as the basis for the relief Plaintiff seeks. Moreover, because the repealed statute was the only basis for federal court jurisdiction and Plaintiff's remaining claims are based on Indiana state law, this Court lacks jurisdiction over Plaintiff's state law claims. Therefore, this Court must dismiss Plaintiff's cause of action in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6).

WHEREFORE, Defendants, Santander Consumers USA, Inc., PAR, Inc., Slingers Transport, LLC, William T. Mattingly, and Desiree J. Mattingly, by counsel, respectfully request that the Court enter an order dismissing Plaintiff's Complaint without prejudice on the grounds that this Court lacks subject matter jurisdiction over this case and for all other just and proper relief in the premises. Alternatively, Defendants respectfully request that this Court dismiss Plaintiff's Complaint on the ground that Plaintiff's Complaint fails to state a claim for which relief can be granted and for all other just and proper relief in the premises.

Respectfully submitted,

CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP

/s/ Bruce D. Jones, Esq.
Keith A. Gaston, Esq., #7069-49
Bruce D. Jones, Esq., #28624-29
Bradly M. Owen, Esq., #32711-32

          *Counsel for Defendants, Santander Consumers USA Inc., PAR, Inc., Slingers Transport LLC, William T. Mattingly and Desiree J. Mattingly*

3077 E. 98th Street, Suite 280  
Indianapolis, IN  46280  
Ph:     (317) 816-0300  
Fax:    (317) 816-1604  

## CERTIFICATE OF SERVICE

    I hereby certify that, on the 24th day of February 2017, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

| | |
|---|---|
| Robert E. Duff, Esq. | Neal F. Bailen, Esq. |
| INDIANA CONSUMER LAW GROUP | STITES & HARBISON, LLP |
| THE LAW OFFICE OF ROBERT E. DUFF | 323 E. Court Avenue |
| P.O. Box 7251 | P.O. Box 946 |
| Fishers, IN 46037 | Jeffersonville, IN 47130 |

          /s/ Bruce D. Jones, Esq.

{Firm/30012/00026/01535715.DOCX }