UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AARON M. WOODRUM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:17-CV-00001-TWP-MPB |
| | ) |
| SANTANDER CONSUMERS USA INC., | ) |
| PAR, INC., SLINGERS TRANSPORT | ) |
| LLC, WILLIAM T. MATTINGLY and | ) |
| DESIREE J. MATTINGLY, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS PURSUANT TO
FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6)**

Defendants, Santander Consumers USA, Inc. ("Santander), PAR, Inc. ("PAR"), Slingers Transport, LLC ("Slingers), William T. Mattingly ("William"), and Desiree J. Mattingly ("Desiree"), (collectively hereinafter "Defendants"), by counsel, hereby submit their Reply Brief in Support of Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) or, in the alternative, Federal Rule of Civil Procedure 12(b)(6).

**I.  INTRODUCTION**

On March 3, 2017, Plaintiff Aaron Woodrum ("Plaintiff") filed his one paragraph brief in response to Defendants' motion to dismiss arguing that 15 U.S.C § 1692(f) has not been repealed.  Plaintiff cited three (3) cases which Plaintiff claims support his argument that 15 U.S.C. § 1692(f) is still a valid statute.  However, the cases cited by Plaintiff do not support Plaintiff's proposition that 15 U.S.C. § 1692(f) is still valid law.

## II.  ARGUMENT

At the outset, Defendants note that Plaintiff does not challenge that Plaintiff's federal law claims against Defendants arise under 15 U.S.C. § 1692(f).  As such, Plaintiff admits that the sole basis for federal jurisdiction over this case is 15 U.S.C. § 1692(f).  Furthermore, a simple "Keycite" of 15 U.S.C. § 1692(f) clearly indicates that 15 U.S.C. § 1692(f)  is no longer valid law.  Defendants' proposition is further supported by the holding in *Townsend v. Quantum 3 Gro., LLC*, which recognized Congress' repeal of 15 U.S.C § 1692(f) by implication.  535 B.R. 415, 424 (M.D. Fla. 2015).

Furthermore, the cases cited by Plaintiff in an attempt to defeat Defendants' motion to dismiss have no effect on the outcome of Defendants' motion to dismiss for the reasons discussed below.

### A.  *Mahjub v. Rent Recover of Better NOI, LLC*

Plaintiff first relies on *Mahjub v. Rent Recover of Better NOI, LLC*, 2017 U.S. Dist. LEXIS 33653 (N.D. Ill. Mar. 9, 2017), to support Plaintiff's claim that 15 U.S.C. § 1692(f) has not been repealed.  However, *Mahjub* does not support Plaintiff's argument that 15 U.S.C. § 1692(f) is still valid.  *Mahjub* deals explicitly with 15 U.S.C § 1692(c) and the definition of a "communication" under that statute.  *Id.* at *3-17.  Defendants are not arguing that 15 U.S.C. § 1692(c) has been repealed.  Moreover, 15 U.S.C. § 1692(c) has no bearing on the case at bar.  Furthermore, to the extent that *Mahjub* addresses 15 U.S.C. § 1692(f), such opinion has no bearing on whether 15 U.S.C. § 1692(f) is still valid.  The *Mahjub* opinion only briefly addresses 15 U.S.C. 1692(f) in order to rebut Rent Recover's claim that no "communication" occurred in that case and to clarify that 15 U.S.C. § 1692(f) did not require any "communication" to occur for a claim to be brought under that particular statute.

*Id.* at *17.  The *Mahjub* court did not discuss or determine whether 15 U.S.C. § 1692(f) was still valid law, and, as such, the issue was presumably waived.  Thus, *Mahjub* has no bearing on Defendants' motion to dismiss because the opinion does not address the issue as to whether the 15 U.S.C. § 1692(f) is still valid.

### B.  *Hill v. Woods*

Plaintiff next cites *Hill v. Woods*, 2017 U.S. Dist. LEXIS 18413 (S.D. Ind. Feb. 9 2017), to support Plaintiff's argument that 15 U.S.C. § 1692(f) has not been repealed.  Like *Mahjub*, *Hill* has no bearing on the outcome of Defendants' motion to dismiss.  First, it is notable that nearly all of the events that gave rise to the issues in *Hill* occurred before July 29, 2015 when the repeal of the subject statute by implication was recognized.  Furthermore, as is *Mahjub*, the issue of whether 15 U.S.C. § 1692(f) was still valid was never raised before the *Hill* court.  As such, nothing in *Hill* challenged the validity of 15 U.S.C. § 1692(f) as Defendants do in the present case.  Moreover, the relevant portion of the *Hill* opinion which deals with 15 U.S.C. § 1692(f) addresses only whether the plaintiff in *Hill* had standing to bring an action under 15 U.S.C. § 1692(f) and whether any of the *Hill* defendants met the definition of a "debt collector" based on the particular facts of the case.  Neither of those issues are before this Court as Defendants are not challenging Plaintiff's standing or whether these Defendants meet the definition of a "debt collector" in this matter.  As such, none of the issues raised in *Hill* are germane to whether 15 U.S.C. § 1692(f) has been repealed.  Therefore, the *Hill* case has no bearing on the issues raised by Defendants in the instant action and cannot be used to rebut Defendants' position that 15 U.S.C. § 1692(f) has been repealed.

### C. *Mashiri v. Epsten Grinnell & Howell*

Finally, Plaintiff relies on *Mashiri v. Epsten Grinnell & Howell* to support his argument that 15 U.S.C. § 1692(f) is still valid law. However, all of the events giving rise to the dispute in *Mashiri* occurred in 2013, well prior to the repeal of 15 U.S.C. § 1692(f). Defendants do no dispute that 15 U.S.C. § 1692(f) was still valid when the issues giving rise to *Mashiri* occurred. However, the fact that 15 U.S.C. § 1692(f) was valid and enforceable in 2013 does not mean that 15 U.S.C. 1692f was valid in December 2016 when the events giving rise to Plaintiff's cause of action in the case at bar occurred. As recognized in *Townsend*, 15 U.S.C. § 1692(f) was recognized as repealed by implication as of July 29, 2015. 535 B.R. 415, 424 (M.D. Fla. 2015). Thus, 15 U.S.C. § 1692(f) was not valid in December 2016 when the events giving rise to the case at bar occurred. Therefore, *Mashiri* cannot be legitimately used to defeat Defendants' motion to dismiss, and this Court lacks subject matter jurisdiction over this cause of action.

### VI.  CONCLUSION

Based on all of the foregoing, this Court should dismiss Plaintiff's Complaint without prejudice. As set forth in Defendants' Brief in Support of their Motion to Dismiss [Document 24], this Court lacks subject matter jurisdiction over Plaintiff's claims because Plaintiff's alleged federal law claims are based on a federal statute that is no longer valid. Moreover, none of the cases cited by Plaintiff support Plaintiff's argument that 15 U.S.C. § 1692(f) is still valid. In fact, not a single case cited by Plaintiff even remotely addresses the current validity of 15 U.S.C. § 1692(f). Therefore, this Court must dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1).

WHEREFORE, Defendants, Santander Consumers USA, Inc., PAR, Inc., Slingers Transport, LLC, William T. Mattingly, and Desiree J. Mattingly, by counsel, respectfully request that the Court enter an order dismissing Plaintiff's Complaint without prejudice on the grounds that this Court lacks subject matter jurisdiction over this case and for all other just and proper relief in the premises.  Alternatively, Defendants respectfully request that this Court dismiss Plaintiff's Complaint on the ground that Plaintiff's Complaint fails to state a claim for which relief can be granted and for all other just and proper relief in the premises.

Respectfully submitted,

CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP


/s/ Bruce D. Jones, Esq.
Keith A. Gaston, Esq., #7069-49
Bruce D. Jones, Esq., #28624-29
Bradly M. Owen, Esq., #32711-32

*Counsel for Defendants, Santander Consumers USA Inc., PAR, Inc., Slingers Transport LLC, William T. Mattingly and Desiree J. Mattingly*

3077 E. 98th Street, Suite 280
Indianapolis, IN  46280
Ph:	(317) 816-0300
Fax:	(317) 816-1604

## CERTIFICATE OF SERVICE

      I hereby certify that, on the 17th day of March 2017, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

| | |
|---|---|
| Robert E. Duff, Esq. | Neal F. Bailen, Esq. |
| INDIANA CONSUMER LAW GROUP | STITES & HARBISON, LLP |
| THE LAW OFFICE OF ROBERT E. DUFF | 323 E. Court Avenue |
| P.O. Box 7251 | P.O. Box 946 |
| Fishers, IN 46037 | Jeffersonville, IN 47130 |

                                          /s/ Bruce D. Jones, Esq.